GERI KANNAPIEN and JANICE ROZHON,

        Plaintiffs,

    v.

QUAKER OATS COMPANY, a unit of PepsiCo, and PEPSICO,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. 04 C 6829

## MEMORANDUM OPINION AND ORDER

Plaintiffs Geri Kannapien and Janice Rozhon were both originally hired as employees of the Golden Grain Company ("Golden Grain"), Ms. Kannapien in 1980 and Ms. Rozhon in 1977. Golden Grain was acquired by defendant Quaker Oats Company ("Quaker Oats") in 1986, which was in turn acquired by defendant PepsiCo in 2001. Both Ms. Kannapien and Ms. Rozhon maintained continuous employment throughout these acquisitions.

In early 2003, both Ms. Kannapien and Ms. Rozhan were presented with information about PepsiCo's early retirement package. In meetings with Jeff Satterlee, human resources manager for Quaker Oats, plaintiffs were informed about their estimated benefits under the early retirement plan. In both instances, Mr. Satterlee provided plaintiffs with information based on their original start dates with Golden Grain. Relying on that information, both Ms. Kannapien and Ms. Rozhan accepted the early

retirement package and retired on April 26, 2003. When plaintiffs received their benefits packages in May 2004, they discovered that the benefits would be paid based on their years of service since 1990, not since their actual start dates.

Ms. Kannapien and Ms. Rozhan filed the present complaint, on behalf of themselves and other PepsiCo employees similarly situated, alleging that defendants had denied them benefits due under the plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (Count I), and that defendants had breached their fiduciary duty to plaintiffs (Count II). Plaintiffs have since voluntarily dismissed Count I. Plaintiffs now move to amend their complaint to allege that defendants have violated ERISA's "anti-cutback" provision, 29 U.S.C. § 1154(g)(1) (Count III). I deny that motion, for the reasons stated below. Ms. Kannapien and Ms. Rozhan move to amend their complaint to allege that defendants have violated 29 U.S.C. § 1154(g)(1). That statute, referred to as the "anti-cutback" provision, states that "[t]he accrued benefit of a participant under a plan may not be decreased by an amendment of the plan." As defendants have already filed responsive pleadings to the original complaint, amendment requires the leave of the court, which should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied when the proposed amendment would not survive a motion to dismiss. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). That is the case, here.

Plaintiffs' proposed Count III alleges a violation of § 1154(g)(1), which requires an amendment of a benefits plan. While the proposed Count III mentions the "original" Golden Grain plan, it nowhere alleges what plan was amended, nor how that amendment affected plaintiffs' accrued benefits. Plaintiffs simply allege that PepsiCo used a different date for calculating benefits than Golden Grain had. The proposed Count III does not state a claim, even if all plaintiffs' allegations are taken as true. *See, e.g., Brengettsy v. LTV Steel (Republic) Hourly Pension Plan*, 241 F.3d 609, 612 (7th Cir. 2001). The motion to amend the complaint is denied.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated:    May 4, 2005